IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| FFTF RESTORATION COMPANY, LLC , | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 07-659C |
| v. | ) | (Judge Firestone) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION TO DISMISS**

Pursuant to Rule 12(b)(1) of the Rules of this Court, defendant, the United States, respectfully requests that the Court dismiss the complaint filed by plaintiff, FFTF Restoration Company, LLC (FRC), for lack of subject matter jurisdiction. FRC attempts to invoke the Court's jurisdiction pursuant to 28 U.S.C. § 1491(a)(1), seeking bid proposal and protest costs as an unsuccessful bidder for a cleanup and decommissioning services contract at the Department of Energy's (DOE's) Hanford Site in Richland, Washington.

FRC seeks its bid preparation costs and bid protest costs as damages for an alleged breach of an "implied-in-fact contract to consider proposals fairly and honestly in the conduct of federal procurements." Cmpl. at ¶ 1, pursuant to the Tucker Act, 28 U.S.C. § 1491(a)(1). Accordingly, FRC's claim for bid preparation and protest costs rests not upon any action of the agency during the course of the procurement or any breach of any contract between the government

and FRC. Instead, FRC rests solely upon the fact that DOE ultimately cancelled the procurement in which FRC was a participating bidder. As demonstrated below, the Complaint fails to establish jurisdiction under section 1491(a)(1) either to challenge the cancellation of the procurement or to recover bid protest costs.

## STATEMENT OF THE ISSUE

Whether the Court possesses jurisdiction under the Tucker Act to entertain a challenge to the cancellation of DOE's solicitation, on the ground that DOE breached an alleged "implied-in-fact contract to consider proposals fairly and honestly in the conduct of federal procurements" when it cancelled a solicitation.

## STATEMENT OF THE CASE

The Complaint sets forth the following basic factual allegations as the basis for FRC's claim:

On December 11, 2003, DOE issued a request for proposals (RFP), as a small business set- aside, for deactivation and decommissioning of the Fast Flux Test Facility (FFTF) at the Hanford Site in Southeastern Washington State. Cmpl. at ¶ 7. The solicitation called for the deactivation and environmental restoration of the FFTF, a 400 megawatt liquid metal cooled test reactor located on the Hanford Site. Facility deactivation was to include, among other things, the removal of 169 irradiated fuel components stored in sodium filled fuel storage vessels at the

FFTF, and packaging the components for approved storage. Id. at ¶ 9.

FRC submitted an initial compliant offer in response to the Solicitation on February 17, 2004, consisting of about 350 pages and on June 25, 2004, plaintiff submitted a Final Proposal Revision. Id. at ¶ 11.

On September 27, 2004, DOE awarded the contract to SEC Closure Alliance, LLC in the amount of $237 million. Id. at ¶ 15. FRC then filed a protest of the award at the Government Accountability Office (GAO) on October 15, 2004, which was sustained on January 12, 2005. Id. at ¶ 17.

On March 18, 2005, DOE gave notice to the three bidders DOE had determined were qualified and issued an amended solicitation on April 29, 2005. Id. at ¶ 19. On June 6, 2005, FRC submitted another proposal revision in response to the amended solicitation, and during the week of June 13, 2005, DOE held oral presentations and interviews with FRC's key personnel. Id. at ¶¶ 23, 24.

On August 25, 2005, DOE further amended the solicitation and issued discussion questions and answers were exchanged between DOE and FRC. Id. at ¶ 25. And on November 14, 2005, DOE notified FRC and the other offerors that additional final proposal revisions would be requested on or about December 1, 2005, and due on December 9, 2005. Id. at ¶ 27.

On December 22, 2005, DOE cancelled the amended solicitation and FRC requested a debriefing, which DOE denied. Id. at ¶ 28.

Since December 22, 2005, DOE has authorized deactivation activities at the FFTF that were included in the original and amended solicitation's statement of work. This work was performed under an existing contract with a different (large) contractor who performs environmental restoration and waste management services at DOE's Hanford site. Id. at ¶ 30.

Before DOE cancelled the solicitation, plaintiff spent a total of 27,789 person hours and $4,073,373 in preparing for the procurement, submitting an initial proposal, participating in the GAO protest, submitting a revised proposal, and participating in other procurement activities. Id. at ¶ 40.

For the purpose of this Motion to Dismiss, all of the above facts are presumed to be true.

## ARGUMENT

Relying solely upon Keco Industries, Inc. v. United States, 492 F.2d 1200 (Ct. Cl. 1974) and its progeny, which preceded the passage of the Dispute Resolution Act of 1996 (ADRA), 28 U.S.C. § 1491(b), FRC maintains that "DOE breached its implied-in-fact contract with Plaintiff when it cancelled the Solicitation for deactivation and decommissioning of the FFTF site." Cmpl. at

¶ 33. FRC alleges that the Court possesses jurisdiction pursuant to 28 U.S.C. § 1491(a)(1), which provides that:

> The United States Court of Federal Claims shall have jurisdiction to render a judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

For the reasons shown below, FRC cannot invoke the Court's jurisdiction pursuant to section 1491(a)(1) of the Tucker Act in this challenge to the DOE's proposed procurement.

## I. Tucker Act Jurisdiction Is Unavailable Because The ADRA Provides The Exclusive Remedy For Claims In Connection With A Proposed Procurement

The Tucker Act grant of jurisdiction creates no substantive right of recovery. Rather, it confers jurisdiction when a substantive right exists. United States v. Testan, 424 U.S. 392, 398 (1976); United States v. Connolly, 716 F.2d 882, 885 (Fed. Cir. 1983) (en banc), cert. denied, 465 U.S. 1065 (1984). Thus, a claimant must identify authority granting it the right to money damages in addition to the Tucker Act in order to invoke the Court's jurisdiction. See, e.g., Spagnola v. Stockman, 732 F.2d 908, 912 (Fed. Cir. 1984). FRC cannot do so here.

As a result of the passage of the ADRA, the common law concept of an "implied-in-fact contract to fairly consider bids no longer survives as a basis for recovery in actions challenging consideration of a bid or proposal." Block v. United States, 66 Fed. Cl. 68, 76 (2005). Accordingly, to complain about a procurement before this Court, a disappointed bidder must demonstrate entitlement to relief under the express terms of the ADRA, rather than the former common law theory of an "implied-in-fact" contract. The Court has repeatedly made this clear. See id., S.K.J. & Associates, Inc. v. United States, 67 Fed. Cl. 218 (2005) (SKJ) (rejecting claim for bid proposal and protest costs due to Congress's invalidation of "implied-in-fact" contract to fairly consider bids in ADRA, and rejecting claim for bid proposal costs as moot after solicitation cancelled); Lion Raisins, Inc., v United States, 52 Fed. Cl. 629 (2002) (rejecting claim for bid protest costs due to ADRA's invalidation of "implied-in-fact" contract to fairly consider bids).

The exclusive statute that confers jurisdiction upon this Court to consider bid protest claims is the ADRA, which vests the Court with authority to

> render judgment on an action by an interested party objecting to a solicitation by a Federal agency for bids or proposals for a proposed contract or to a proposed award or the award of a contract or any alleged violation of statute or regulation in connection with a procurement or

a proposed procurement.

28. U.S.C. § 1491(b)(1) (emphasis added). Accordingly, since 1996, any challenge before this Court to a government solicitation claim must be authorized by 28 U.S.C. § 1491(b)(1).

FRC's Complaint is obviously an "objection to a solicitation by a Federal Agency for bids or proposals" even though FRC may see it differently. Indeed, "'mere recitation of a basis for jurisdiction, by either a party or a court, cannot be controlling . . . we look to the true nature of the action in the district court in determining jurisdiction of the appeal.'" Norsk Hydro Canada, Inc. v. United States, 472 F.3d 1347, 1355 (Fed. Cir. 2006) (quoting Williams v. Sec'y of Navy, 787 F.2d 552, 557 (Fed. Cir. 1986)). Because the "true nature" of FRC's challenge is an "objection[] to the procurement process," the "implied-in-fact contract to fairly consider bids no longer survives as a basis for recovery in actions challenging consideration of a bid or proposal." Block, 66 Fed. Cl. at 77.

FRC's Complaint alleges no impropriety in an ongoing procurement because that procurement has been cancelled. Accordingly, FRC's sole challenge is to the propriety of the cancellation. FRC's Complaint, however, did not (and cannot) allege that the cancellation of the solicitation constituted a "violation of statute or regulation in connection with . . . a proposed procurement," which

would be the only avenue for asserting jurisdiction under the ADRA.

Accordingly, FRC has apparently attempted to frame its complaint upon the prior legal theory that was displaced and superceded by the ADRA in 1996, namely, an "express or implied contract" with the government under section 1491(a)(1). As this Court has directly held, however, that "the implied-in-fact contract to fairly and honestly consider his proposal no longer gives rise to a potential claim." Block, 66 Fed. Cl. at 77.

The Court in SKJ, addressed a situation very similar to this case and found jurisdiction lacking. SKJ was a disappointed bidder for a contract solicitation issued by the Department of Health and Human Services (HHS) for community based counseling services. Like FRC, SKJ filed a bid protest with the GAO, which was sustained. The GAO also awarded SKJ the costs of advancing its protest, but, as in this case, this award was unsatisfactory to SKJ. SKJ, 67 Fed. Cl. at 220. HHS terminated the solicitation and issued an amended solicitation, which was again awarded to the original successful bidder. SKJ then initiated an action in this Court seeking to recover proposal and bid protest costs, attempting to invoke the Court's jurisdiction pursuant to the Court's bid protest jurisdiction, 28 U.S.C. § 1491(b)(2). As in this case, SKJ attempted to invoke "jurisdiction based upon an implied-in-fact contract to fairly consider bids." SKJ, 67 Fed. Cl. at 225.

As in this case, SKJ relied upon Keco. Id. (citing Keco, 203 Ct. Cl. 566).

The Court granted the government's motion to dismiss, concluding that Keco is no longer operative law and that Congress had "amended the Tucker Act to provide this court with express jurisdiction over bid protests. Because of the introduction of 28 U.S.C. § 1491(b)(2), this court agrees with the Lion Raisins court that the implied-in-fact contract theory no longer serves as a basis of recovery for bid protest actions." Id. at 225-26 (citing Lion Raisins, 52 Fed. Cl. at 631). In sum, the Court now has unconditionally held that the implied-in-fact contract theory, upon which FRC exclusively relies, did not survive enactment of the ADRA and cannot be the basis for a recovery of bid preparation costs.

## II. FRC Has Also Alleged No Basis For Recovery Its Bid Protest Costs

The ADRA also precludes a claim for "bid protest costs." As previously noted, the GAO decided much of FRC's bid protest claim in FRC's favor, and GAO recommended that DOE pay those bid protest costs (which DOE did). Despite this fact, FRC now seeks additional protest costs before this Court. This claim for additional bid protest costs is outside the Court's jurisdiction:

> Since 1996 the Tucker Act has expressly provided that "any monetary relief shall be limited to bid preparation and proposal costs." 28 U.S.C. § 1491(b)(2). A disappointed bidder thus can no longer recover bid protest costs as part of a successful bid protest action. MVM, Inc., v. United States, 47 Fed. Cl. 361, 366 (2000)

> (by "allowing an award of bid proposal costs and injunctive relief and by not authorizing an award of bid protest costs," Congress balanced the need to provide incentives to challenge Government errors and the concern of over-penalizing the Government); CW Gov't Travel, Inc. v. United States, 46 Fed. Cl. 554, 559 n.6 (2000).

Lion Raisins, 52 Fed. Cl. at 631.

**CONCLUSION**

For these reasons, we respectfully request that the Court dismiss this case pursuant to Rule 12(b)(1).

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s/ BRYANT G. SNEE
Deputy Director

/s/ STEPHEN C. TOSINI
Trial Attorney
Department of Justice
Civil Division
Commercial Litigation Branch
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 616-5196
Fax: (202) 514-7969
Attorneys for Defendant

OF COUNSEL:
DON W. CROCKETT
Office of the General Counsel
U.S. Department of Energy
Washington, D.C.

November 7, 2007

## CERTIFICATE OF FILING

I hereby certify that on November 7, 2007, a copy of the foregoing "DEFENDANT'S MOTION TO DISMISS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s Stephen C. Tosini