IN THE UNITED STATES COURT OF FEDERAL CLAIMS

FFTF RESTORATION COMPANY, LLC , )
)
Plaintiff, )
) No. 07-659C
v. ) (Judge Firestone)
)
THE UNITED STATES, )
)
Defendant. )

**DEFENDANT'S OPPOSITION TO FRC'S MOTION TO SUPPLEMENT THE ADMINISTRATIVE RECORD**

JEFFREY S. BUCHOLTZ
Assistant Attorney General

JEANNE E. DAVIDSON
Director

BRYANT G. SNEE
Deputy Director

STEPHEN C. TOSINI
Trial Attorney
Department of Justice
Civil Division
Commercial Litigation Branch
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 616-5196
Fax: (202) 514-7969
Attorneys for Defendant

OF COUNSEL:
DON W. CROCKETT
Office of the General Counsel
Department of Energy
Washington, D.C.

March 31, 2008

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| FFTF RESTORATION COMPANY, LLC , | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 07-659C |
| v. | ) | (Judge Firestone) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S OPPOSITION TO FRC'S MOTION TO SUPPLEMENT THE ADMINISTRATIVE RECORD**

Defendant, the United States, respectfully requests that the Court deny the motion to supplement the administrative record filed by plaintiff FFTF Restoration Corp. (FRC). The certified administrative record is thorough and complete, and provides all information necessary to determine whether the Department of Energy (DOE) violated any "statute or regulation" in cancelling Solicitation No. DE-RP06-04RL14600. 28 U.S.C. § 1491(b)(1).

## BACKGROUND

Plaintiff, FFTF Restoration Company (FRC), alleged that DOE breached an "implied-in-fact contract to consider proposals fairly and honestly in the conduct of federal procurements" when "it cancelled the Solicitation of deactivation and decommissioning of the FFTF site." Cmpl. at ¶¶ 1, 33. The complaint attempted to invoke the Court's jurisdiction under 28 U.S.C. §1491(a)(1). Cmpl. ¶ 4.

We sought dismissal because, as a result of the enactment of 28 U.S.C. § 1491(b)(1), the concept of an "implied-in-fact contract to fairly consider bids no longer survives as a basis for recovery in actions challenging consideration of a bid or proposal." Block v. United States, 66 Fed. Cl. 68, 76 (2005).

During the hearing upon our motion to dismiss, the Court asked FRC whether its claim could be filed under section 1491(b)(1) rather than section 1491(a)(1). FRC then sought leave to amend its complaint. At the Court's request, and without conceding that FRC has stated a claim for which an administrative record is warranted, we filed the certified administrative record of the decision to cancel the procurement.[1] That record consists of four documents: (1) A memorandum by the Source Selection Official (SSO) recommending cancellation that was initialed as "Concur" by Assistant Secretary of Energy, James Rispoli, on December 21, 2005; (2) a meeting agenda and presentation documents dated November 29, 2005; (3) a memorandum by the contracting

---

[1] Because the Court lacks jurisdiction to entertain FRC's amended complaint, the correct course of action would necessarily be entertain our (to be filed) motion to dismiss before requiring filing of any administrative record. Ex parte McCardle, 74 U.S. (7 Wall.) 264, 265 (1869) ("[w]ithout jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to he court is that of announcing the fact and dismissing the cause."); U.S. Ass'n of Importers of Textiles and Apparel v. United States, 413 F.3d 1344, 1348 (Fed. Cir. 2005).

officer, Andrew H. Wirkkala, dated December 22, 2005, cancelling the procurement; and (4) a letter from the contracting officer to FRC, dated December 22, 2005, informing FRC that the procurement had been cancelled.

FRC then argued that the certified administrative record was insufficient and requested permission to seek supplementation. The Court granted FRC's request for the opportunity to seek supplementation. On the assumption that it would decide the prospective motion to supplement the administrative record expeditiously, the Court also directed that the Government's combined motion to dismiss and for judgment on the administrative record be filed by April 16, 2008.

On March 21, 2008, FRC filed its motion supplement the administrative record, seeking to compel production of eleven additional categories of documents unrelated to the cancellation.

## ARGUMENT

### I. The Standard And Scope Of Review Do Not Support Supplementation

In this bid protest, the Court may assert jurisdiction only if the plaintiff alleges a "violation of statute or regulation in connection with a procurement or a proposed procurement." 28 U.S.C. § 1491(b)(1). "[T]he courts shall review the agency's decision pursuant to the standards set forth in section 706 of title 5." 28 U.S.C. § 1491(b)(4).

In addressing an allegation that an agency violated a "statute or regulation" in the course of a procurement, 28 U.S.C. § 1491(b)(1), the Court must look to the administrative record created contemporaneously by the agency in the course of the procurement. The standards applicable to a Rule 52.1 motion for judgment upon the administrative record differ from those applied in the context of a Rule 56 motion for summary judgment. Bannum, Inc. v. United States, 404 F.3d 1346, 1355-56 (Fed. Cir. 2005) (holding that RCFC [52.1] is designed to provide for expedited trial upon a paper record and that the trial court is required to make factual findings based upon the record evidence); Florida Power & Light v. Lorion, 470 U.S. 729, 743-44 (1985) ("the focal point for judicial review should be the administrative record already in existence, not some record made initially by the reviewing court.").

Therefore, discovery of extra-record evidence, such as the extensive requests contained in FRC's motion, is not a matter of right but is permissible only under extremely limited circumstances. See Stapp Towing, Inc. v. United States, 34 Fed. Cl. 300, 307-08 (1995). Generally, "[w]hen deciding a motion for judgment on the administrative record, the focal point for judicial review 'should be the administrative record already in existence, not some new record made initially in the reviewing court.'" Al Ghanim Combined Group Co. Gen. Trad. &

Cont. W.L.L. v. United States, 56 Fed. Cl. 502, 508 (2003) (quoting Camp v. Pitts, 411 U.S. 138, 142 (1973)); see also Emerald Coast Finest Produce Co., Inc. v. United States, 76 Fed. Cl. 445, 448 (2007). The administrative record consists of the materials and files that were before the decisionmaker at the time the agency's decision was made. Dismas Charities, Inc. v. United States, 61 Fed. Cl. 191, 198-99 (2004); Cubic Applications, Inc. v. United States, 37 Fed. Cl. 345, 349-50 (1997) ("[The] primary focus of the court's review should be the materials that were before the agency when it made its final decision.").

In certain other bid protest situations in which "the administrative record is 'not a documentary record maintained contemporaneously with the event or actions included in it,'" this Court has allowed supplementation of the administrative record, if the record in existence was insufficient for the Court to render a decision. Precision Standard, Inc. v. United States, 69 Fed. Cl. 738, 745 (2006) (quoting Tech Sys., Inc. v. United States, 50 Fed. Cl. 216, 222 (2001); see also Impresa Construzioni Geom. Domenico Garufi v. United States, 238 F.3d 1324, 1338 (Fed. Cir. 2001). However, the determination here does involve such a determination based upon specific record facts.

The cases above are inapplicable here because the administrative record filed by DOE is the "documentary record maintained contemporaneously with the

event or actions included in it," namely, DOE's decision to cancel the procurement. The question whether that cancellation violated any statute or regulation as alleged in the amended complaint is a question of law to be determined in the course of our upcoming Rule 12(b)(1) motion to dismiss.

Moreover, "the flexibility of the [C]ourt's scope of review does not give the parties carte blanche to supplement the record." Al-Ghanim, 56 Fed. Cl. at 508. Accordingly, in determining whether to allow supplementation of the record, the Court "should determine whether the agency action before the [C]ourt is susceptible to a record review." Id.; see also Comprehensive Health Services, Inc. v. United States, 70 Fed. Cl. 700, 720 (2006). "If the answer is yes, the [Court] must limit review to the record." Id. "If the answer is no, a party may supplement the administrative record when necessary to prove that evidence not in the record is evidence without which the court cannot fully understand the issues." Id.; see also Esch v. Yeutter, 876 F.2d 976, 991 (D.C. Cir. 1989) (listing exceptions to the general rule barring extra-record evidence).[2] Here, none of the additional

---

[2] The Esch factors are: "(1) when agency action is not adequately explained in the record before the court; (2) when the agency failed to consider factors which are relevant to its final decision; (3) when an agency considered evidence which it failed to include in the record; (4) when a case is so complex that a court needs more evidence to enable it to understand the issues clearly; (5) in cases where evidence arising after the agency action shows whether the decision was correct or not; (6) in cases where agencies are sued for a failure to take action; (7) in cases

materials suggested by FRC are necessary for the Court to decide this case, should it ultimately hold that it possesses jurisdiction to entertain the amended complaint.

Lastly, mere allegations of bad faith do not upset the carefully crafted system of review in bid protest cases. To the contrary, the Court accords procurement decisions a "presumption of regularity." Citizens to Preserve Overton Park, Inc. v. Volpe, 401 U.S. 402, 415 (1971), overruled on other grounds, Califano v. Sanders, 430 U.S. 99 (1977) (citations omitted). The cases cited by FRC demonstrate that, for the Court to take the extreme step of allowing discovery or supplementation, the plaintiff must first come forth with evidence to call the presumption of regularity into doubt. See FRC Mem. at 5 (citing Int'l Res. Recovery, Inc. v. United States, 61 Fed. Cl. 38, 42 (2004) (IRRI); Beta Analytics Int'l, Inc. v. United States, 61 Fed. Cl. 223, 226 (2004)). Indeed, IRRI's principal filed an affidavit, and it was this piece of evidence that led to discovery. IRRI, 61 Fed. Cl. at 42. Further, in Beta Analytics, the Court explained that "a party may rely on extra-record evidence to support its claim that discovery regarding bad faith conduct is necessary." Beta Analytics, 61 Fed .Cl. at 226. Accordingly, FRC must come forth with more than conclusory allegations of bad faith to call into

---

arising under the National Environmental Policy Act; and (8) in cases where relief is at issue, especially at the preliminary injunction stage." Id. At 991. None are present here for the reasons discussed throughout this motion.

doubt the presumption or regularity. It must proffer admissible evidence.

In sum, FRC's claim "the Court must have before it evidence of what did the government know and when did they know it," FRC Mem. at 2, amounts to an accusation that the certified administrative record is a sham. Such a claim must be supported by actual admissible evidence before a plaintiff may further probe for evidence of bad faith.

## II. FRC Has Failed To Demonstrate Any Need For Supplementation

None of the additional documents sought are relevant to the only agency action identified in the amended complaint -- whether DOE's decision to cancel the solicitation violated any "statute or regulation." 28 U.S.C. §1491(b)(1). Based upon the well established law cited above, each of FRC's document requests has already been satisfied or is irrelevant to the lawfulness of the cancellation:

**1. The solicitation and all amendments thereto**.

This request is irrelevant to whether DOE cancelled the procurement in violation of FAR 1.102(b)(3) and FAR 19.502-2. Furthermore, any challenge to the terms of the solicitation was rendered moot by its cancellation. S.K.J. & Associates, Inc. v. United States, 67 Fed. Cl. 218, 230 (2005); CCL Serv. Corp. v. United States, 43 Fed. Cl. 680, 688 (1999).

2. **All documents that are related to or discuss the decision to set aside the solicitation for exclusive participation by small business concerns.**

All such documents relevant to the decision to cancel the solicitation were provided in the certified administrative record. Further, this decision was rendered moot by the cancellation, and moreover, FRC does not challenge this decision.

3. **All documents that are related to or discuss the budget for the [FFTF] deactivation and decommissioning ("D&D") for FY 2005 through the present including but not limited to documents seen or discussed by the [source selection officer] SSO and contracting officer**.

All such documents relevant to the decision to cancel the solicitation were provided in the certified administrative record. Furthermore, FRC lacks standing to challenge funding decisions of the Office of Management and Budget.

4. **All documents that are related to or discuss the work performed by the large business concern involving work described in the solicitation including but not limited to the contract between the large business concern and DOE and all solicitation related amendments thereto**.

The documents sought in this extremely burdensome and overbroad discovery request are irrelevant because FRC does not (and cannot) explicitly challenge DOE's performance under the 1996 Fluor contract. Moreover, any such documents relevant to the decision to cancel the solicitation were provided in the certified administrative record.

**5. All documents that are related to or discuss the position taken by federal, state, and local stakeholders with regard to the FFTF D&D received by DOE after the issuance of the solicitation**.

This burdensome and overbroad discovery request is irrelevant to the question whether DOE violated FAR 1.102(b)(3) or 19.502-2.

**6. All documents that are related to or discuss the FFTF Environmental Impact Statement**.

This burdensome and overbroad discovery request is irrelevant to the question whether DOE violated FAR 1.102(b)(3) or 19.502-2.

**7. All documents that are related to or discuss the scope of work of the FFTF D&D including but not limited to the estimated cost of that work.**

This burdensome and overbroad discovery request is irrelevant to the question whether DOE violated FAR 1.102(b)(3) or 19.502-2.

**8. All documents that are related to or discuss the decision to cancel the solicitation**.

All such documents have been provided in the certified administrative record.

**9. All documents that are related to or discuss the March 2005 Inspector General report on the FFTF**.

This burdensome and overbroad discovery request is irrelevant to the question whether DOE violated FAR 1.102(b)(3) or 19.502-2.

**10. All documents that are related to or discuss that portion of the June 25, 2007 DOE solicitation related to the FFTF D&D.**

These documents necessarily post-date the challenged decision, and thus, cannot be part of the administrative record under review.

**11. All documents that are related to or discuss the effort required by DOE of FRC after April 25, 2005 to continue to actively seek award of a contract pursuant to the solicitation.**

FRC would presumably have any such documents if they exist. FRC has provided no basis for asking this Court to order such burdensome discovery that has no relevance to the narrow claim contained in its amended complaint. Moreover, any documents not contained in the certified administrative record would be irrelevant to the decision to cancel the solicitation because they were not considered by the decisionmakers. See AR1-7.

## III. The Requested Document Production Is Unduly Burdensome

As demonstrated above, FRC's document requests place a heavy and unwarranted burden upon DOE to produce documents far removed from the actual decision challenged in the amended complaint. The scope and standard of review here provides for review of "agency action," not broad programmatic challenges envisioned by FRC's requests. Indeed, the record here is more than sufficient for the Court to determine whether the cancellation of the solicitation was lawful, and there is no need to impose the heavy burden upon DOE that FRC seeks.

**IV. Should The Court Allow This Supplementation, Then The Court Should Also Allow The Government To Examine FRC Personnel**

Because FRC maintains that it detrimentally relied upon the Government's allegedly misleading statements, should the Court direct the production of these additional documents beyond the scope of the decision to cancel the solicitation, we respectfully request that the Court allow us to demand the production of documents and to depose FRC's controlling personnel to examine the extent of any purported reliance upon and "prejudice" caused by DOE's allegedly misleading actions.

**CONCLUSION**

FRC essentially seeks discovery concerning every activity undertaken at the FFTF for the last 15 years. This goes far beyond the statutory limitation that bid protest actions be reviewed based upon the record of the decision actually challenged. For these reasons, we respectfully request that the Court deny FRC's motion to supplement the administrative record with document requests contained at pages one and two of its motion.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s/ BRYANT G. SNEE
Deputy Director

OF COUNSEL:
DON W. CROCKETT
Office of the General Counsel
Department of Energy
Washington, D.C.

/s/ STEPHEN C. TOSINI
Trial Attorney
Department of Justice
Civil Division
Commercial Litigation Branch
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 616-5196
Fax: (202) 514-7969

March 31, 2008

Attorneys for Defendant

**CERTIFICATE OF FILING**

I hereby certify that on March 31, 2008, a copy of the foregoing "DEFENDANT'S OPPOSITION TO FRC'S MOTION TO SUPPLEMENT THE ADMINISTRATIVE RECORD" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s Stephen C. Tosini