IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| FFTF RESTORATION COMPANY, LLC, | ) | |
| Plaintiff | ) | No. 07-659 C |
| v. | ) | |
| | ) | Judge Firestone |
| THE UNITED STATES, | ) | |
| Defendant | ) | |

PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO FRC'S
MOTION TO SUPPLEMENT THE ADMINISTRATIVE RECORD

# TABLE OF CONTENTS

SPECIFIC COMMENTS ON DOCUMENT REQUESTS .............................................. 4

1. The solicitation and all amendments thereto. ....................................................... 4

2. All documents that are related to or discuss the decision to set aside the solicitation for exclusive participation by small business concerns. ...................... 4

3. All documents that are related to or discuss the budget for the Fast Flux Test Facility ("FFTF") deactivation and decommissioning ("D&D") for FY 2005 through the present including but not limited to documents seen or discussed by the SSO and contracting officer. ............................................................... 4

4. All documents that are related to or discuss the work performed by the large business concern involving work described in the solicitation including but not limited to the contract between the large business concern and DOE and all solicitation-related amendments thereto. ............................................................ 5

5. All documents that are related to or discuss the position taken by federal, state, and local stakeholders with regard to the FFTF D&D received by DOE after the issuance of the solicitation. ....................................................................... 5

6. All documents that are related to or discuss the FFTF Environmental Impact Statement. ........................................................................................ 6

7. All documents that are related to or discuss the scope of work of the FFTF D&D including but not limited to the estimated cost of that work. ................................. 6

8. All documents that are related to or discuss the decision to cancel the solicitation. ............................................................................................................... 7

9. All documents that are related to or discuss the March 2005 Inspector General report on the FFTF. ........................................................................................ 7

10. All documents that are related to or discuss that portion of the June 25, 2007 DOE solicitation related to the FFTF D&D. ................................................................... 8

11. All documents that are related to or discuss the effort required by DOE of FRC after April 25, 2005 to continue to actively seek award of a contract pursuant to the solicitation. ........................................................................................ 8

DEPOSITIONS .......................................................................................................... 8

## TABLE OF AUTHORITIES

**REGULATIONS**

FAR 1.102-2(c)(1)

FAR 19.502-2

FAR 1.102(b)(3)

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| FFTF RESTORATION COMPANY, LLC, | ) | |
| Plaintiff | ) | No. 07-659 C |
| v. | ) | |
| | ) | Judge Firestone |
| THE UNITED STATES, | ) | |
| Defendant | ) | |

**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO FRC'S**
**MOTION TO SUPPLEMENT THE ADMINISTRATIVE RECORD**

Plaintiff, FFTF Restoration Company, LLC ("FRC") respectfully replies to Defendant's Opposition To FRC's Motion To Supplement The Administrative Record ("Def. Opp.").

As stated in Plaintiff's First Amended Complaint and summarized in Plaintiff's Motion to Supplement the Administrative Record, FRC has alleged: (1) a violation of FAR 1.102-2(c)(1); (2) a violation of the Rule of Two, FAR 19.502-2; and (3) a breach of the implied in fact contract between FRC and defendant to consider proposals fairly and honestly. Defendant has at times in Def. Opp. recognized the first two grounds by simply stating that certain of FRC's document requests are "irrelevant" to violations of FAR 1.102(b)(3) and FAR 19.502-2. *See* Def. Opp. 8, 10 (document requests 1, 5, 6, 7, and 9). At other times, defendant would seek to convert FRC's complaint solely into a protest of the Department of Energy's ("DOE") decision to cancel the solicitation. *See* Def. Opp. at

3 ("seeking to compel production of eleven additional categories of documents unrelated to the cancellation.")[1]

Plaintiff again emphasizes that the cancellation of the solicitation was the result of regulatory and contractual violations by defendant and that this case is not just about whether the cancellation was arbitrary and capricious. This would be a different case had defendant cancelled the solicitation as well as all ongoing deactivation and decommissioning work being performed at the Fast Flux Test Facility by a large business concern: (1) in January 2005 at the time of the issuance of the urgings by federal, state, and local officials to change priorities or (2) in March 2005 when the Inspector General issued its report—both events occurring before DOE issued a revised solicitation and encouraged FRC to continue expending resources to seek award of the contract. This would be a different case had Congress failed to appropriate *any* money for the project instead of a total of $116,566,000 to date since the cancellation with an additional $10,755,000 to be spent in FY 2009 or if the delay in the Environmental Impact Statement actually prevented defendant from spending the appropriated money on the project. This would be a different case had defendant concluded that award could not be made to a small business concern at a fair market price even though an award had originally been made for a price of $235,000,000 where the government's estimate was $350,000,000 or if Defendant had not issued a new, unrestricted solicitation that included some of the very work that was cancelled. However, each of those documented facts have been presented to this Court and are undisputed. This case is about the violation of

[1] Defendant also asserts at page 2 of Def. Opp. that the implied in fact contract basis for jurisdiction no longer survives. Plaintiff does not concede this point.

regulations and a breach of an implied in fact contract with the termination of the solicitation being the result of those violations and breach.

With regard to defendant's suggestion that plaintiff's claims "must be supported by actual admissible evidence before [a] plaintiff may further probe for evidence of bad faith" (Def. Opp. 8), plaintiff submits that the undisputed facts presented by plaintiff and supported by the government's own documents, are more than sufficient evidence as a basis for requiring defendant to provide the court and defendant a complete record in this matter. For example, as noted above, there were at least two or more small business concerns capable of performing the work performed by the large business contractor—work that has amounted to $116,566,000 through the end of the current fiscal year. Rather than the "residual work scope" and the "period of performance" being "so small as not be cost effective" as described by defendant, it has amounted to continued performance by a large business concern for 2 ½ years at a cost of over $100,000,000—a scope of work that has apparently not been affected by any delay in an environmental impact statement. Furthermore, defendant knew in January and March of 2005 about concerns expressed by others about the priorities of the project but nevertheless issued a revised solicitation at the end of April 2005 and continued the procurement process, to the direct detriment of FRC, until December 23, 2005. These are documented facts and not simply speculation offered by FRC and are clear evidence of a failure to comply with the statutory small business set aside program as well as the requirement to conduct business with integrity, fairness, and openness and a failure to consider proposals fairly and honestly.

## SPECIFIC COMMENTS ON DOCUMENT REQUESTS

**1. The solicitation and all amendments thereto.**

Defendant opposes as being irrelevant and moot. FRC is not challenging the terms of the solicitation as amended but rather submits that the solicitation, as amended, is a required document necessary to provide the Court evidence of the work to be performed, which work has subsequently been performed by a large business concern.

**2. All documents that are related to or discuss the decision to set aside the solicitation for exclusive participation by small business concerns.**

Defendant opposes as being moot and the record being complete with regard to the cancellation. Plaintiff has pleaded a violation of the Rule of Two, FAR 19.502-2. The $117,000,000 worth of work that has been performed by a large business concern could have been performed by a small business concern, as previously decided by authorized official for defendant. The requested records will provide this Court with evidence of whether the decision not to award that $117,000,000 worth of work to a small business concern had a rational basis or was arbitrary and capricious.

**3. All documents that are related to or discuss the budget for the Fast Flux Test Facility ("FFTF") deactivation and decommissioning ("D&D") for FY 2005 through the present including but not limited to documents seen or discussed by the SSO and contracting officer.**

Defendant opposes arguing that the record is complete and that FRC does not have standing to challenge funding decisions. FRC is, of course, not challenging the funding decisions. However, funding clearly played a role in the ultimate decision to cancel the solicitation and the requested records will provide this Court with evidence of the actual amount of money budgeted and spent on the project with a large business concern after the cancellation decision.

**4. All documents that are related to or discuss the work performed by the large business concern involving work described in the solicitation including but not limited to the contract between the large business concern and DOE and all solicitation-related amendments thereto.**

Defendant opposes arguing that the record is complete, that the request is burdensome and overbroad and that FRC does not have standing to challenge performance under the large business concern's contract. Defendant simply states that the request is burdensome and overbroad without providing any evidence or support for that statement. FRC is not, of course, challenging the performance of the work by the large business concern. The requested documents will, however, provide the Court with evidence of the actual work and cost of the work performed by a large business concern—work that could have and should have been performed by small business concerns—such as FRC. A comparison of the work performed by the large business concern to the work called for in the solicitation (Document Request No. 1) is essential to the resolution of the issues presented.

**5. All documents that are related to or discuss the position taken by federal, state, and local stakeholders with regard to the FFTF D&D received by DOE after the issuance of the solicitation.**

Defendant opposes arguing that the request is irrelevant to a violation of FAR 1.102(b)(3) and FAR 19.502-2 and is burdensome and overbroad. As noted above, FRC has presented evidence that positions taken by federal, state, and local stakeholders were presented to defendant at least 4 months prior to the release of the amended solicitation that continued the solicitation process at significant expense to FRC. These documents are necessary to provide the Court with evidence of what defendant knew, when did they know it, and what they did about it at the time. In other words, was it arbitrary and capricious for defendant to ignore the position of the stakeholders in April 2005 when the

revised solicitation was issued but then cite to those positions as a basis for cancellation in December 2005. *See* AR 1.

**6. All documents that are related to or discuss the FFTF Environmental Impact Statement.**

Defendant opposes arguing, without further explanation, that the request is irrelevant to a violation of FAR 1.102(b)(3) and FAR 19.502-2 and is burdensome and overbroad. The records provided to date document that defendant's actions were based in part on the timing of the FFTF Environmental Impact statement. AR 1. These documents are necessary not only to provide the Court with evidence of what defendant knew, when did they know, and what they did about it at the time, but also as evidence as to what the actual impact of the timing of the Environmental Impact Statement had on the $117,000,000 worth of work performed after the decision to cancel the solicitation.

**7. All documents that are related to or discuss the scope of work of the FFTF D&D including but not limited to the estimated cost of that work.**

Defendant opposes arguing, without further explanation, that the request is irrelevant to a violation of FAR 1.102(b)(3) and FAR 19.502-2 and is burdensome and overbroad. Section 19.502-2 requires in part that the work to be performed by a small business concern must be performed at an expected fair market price. FRC has already provided evidence that through competition, small business concerns were offering to perform the work at two-thirds the price of a large business concern—based on defendant's own estimate. These documents are necessary to provide the Court with evidence of the cost of the work that was to be performed as well as the work that has been performed by a large business concern so that the reasonable expectation of a fair market price can be established.

**8. All documents that are related to or discuss the decision to cancel the solicitation.**

Defendant argues that all documents have been provided. However, the few documents provided to date reference "discussions and analyses" that occurred prior to the decision to cancel the solicitation and examined the "range of options on how best to proceed." AR 2. What the current record does not show is whether defendant reasonably considered the requirements of the Rule of Two as well as the need to conduct procurements with integrity, fairness, and openness. The requested documents will provide the Court with this information. Defendant's position is akin to defendant only providing the source selection decision in a bid protest and not the technical evaluations—which the government regularly does provide as part of the administrative record.

**9. All documents that are related to or discuss the March 2005 Inspector General report on the FFTF.**

Defendant opposes arguing, without further explanation, that the request is irrelevant to a violation of FAR 1.102(b)(3) and FAR 19.502-2 and is burdensome and overbroad. As noted above, defendant knew of the Inspector General report released on March 2005 but went ahead and issued a revised solicitation and encouraged FRC to continue to expend resources. These documents are necessary to provide the Court with evidence of what defendant knew, when did they know it, and what they did about it at the time. In other words, was it arbitrary and capricious for defendant to ignore the position of the Inspector General in April 2005 when the revised solicitation was issued.

**10. All documents that are related to or discuss that portion of the June 25, 2007 DOE solicitation related to the FFTF D&D.**

Defendant opposes arguing the documents post-date the "challenged decision" and therefore cannot be part of the administrative record. As noted in the limited record already provided, defendant concluded that "the residual work scope (CLIN 1) and period of performance is likely to be so small as not to be cost effective, either for the awardee or the Government." AR 2. Notwithstanding that statement, 2 ½ years later, defendant is still funding the work and has requested almost $11,000,000 in FY 2009 alone. The requested documents will assist the Court in determining whether the Rule of Two has continually been violated and whether the procurement was conducted with integrity, fairness, and openness.

**11. All documents that are related to or discuss the effort required by DOE of FRC after April 25, 2005 to continue to actively seek award of a contract pursuant to the solicitation.**

Defendant argues that FRC has all such documents, that it is a burdensome request and are irrelevant "to the narrow claim…." Def. Opp. 11. The facts as presented by FRC to date show that defendant actively encouraged FRC to pursue the contract notwithstanding concerns expressed by others. That encouragement, which will be demonstrated in the requested documents, goes in part to FRC's claim for damages.

**DEPOSITIONS**

Defendant has requested a mutual production of documents from FRC and depositions so as to examine reliance and prejudice. While FRC has not requested depositions at this time, FRC has no objection to making FRC officials available and requests the opportunity to depose officials for defendant if the need can be shown in order to complete the record.

As noted by the Court previously, the statutory basis for jurisdiction over solicitations and violations of procurement by defendant was certainly not reduced by the passage of ADRA. In this instance, FRC and the Court are entitled to a review of the complete record that led defendant to encourage FRC to continue to expend resources chasing a contract and then abruptly cancel the contract citing for reasons both factually inaccurate statements (small scope of work and period of performance) and failing to comply with statutory requirements of the small business set-aside program. The courts have long held that potential contractors must have faith and confidence in the federal acquisition system that it will be operated with integrity, fairness, and openness. That has not happened in this instance. Plaintiff respectfully requests that the defendant be ordered to complete the administrative record in this instance consistent with the authority cited in Plaintiff's Memorandum in Support of Plaintiff's Motion to Supplement the Administrative Record.

Respectfully submitted,

/s/ William A. Shook
William A. Shook
KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
1601 K Street NW
Washington, D.C. 20006
Tel: (202) 661-6256
Fax: (202) 778-9001
Email: bill.shook@klgates.com

Date: April 4, 2008