# In the United States Court of Federal Claims

**No. 07-659C**
**(Filed: April 17, 2008)**

* * * * * * * * * * * * * * * * *

**FFTF RESTORATION COMPANY, LLC.,**

**Plaintiff,**

v.

**THE UNITED STATES,**

**Defendant.**

* * * * * * * * * * * * * * * * *

**O R D E R**

Pending before the court is the plaintiff's motion to supplement the Administrative Record ("AR" or "record"). The government has submitted an AR it has certified as complete. The plaintiff challenges that assertion, claiming that the materials provided in the current AR are insufficient to explain the basis for the decision by the Department of Energy ("DOE") to cancel the solicitation in December 2005, citing for example the March 29, 2005 Special Report by Inspector General Gregory H. Friedman. See Pl.'s Mot. to Supp. AR, Ex. 3. As indicated during the status conference held on April 16, 2008, the plaintiff's motion is **GRANTED-IN-PART** and **DENIED-IN-PART**.

The court agrees with the plaintiff that there are likely additional documents to support the assertions in the current AR or explanation of the basis for those assertions needs to be provided. In particular, the AR currently contains a table evaluating each of the "FFTF Options" in terms of mission success, NEPA approach, regulator/stakeholder interests, cost and schedule, and acquisition objectives/small business interests. AR12-15. Comparing the option to amend the solicitation to continue contract line item number ("CLIN") 1 but cancel CLIN 2 to the option (ultimately selected) to cancel the solicitation and allow the incumbent contractor to complete CLIN 1, the table reflects that the two

options differed only with regard to the "Cost and Schedule" and "Acquisition Objectives/Small Business Interests" criteria. AR14-15. Those same two factors are at the heart of the plaintiff's claims in this case. However, the AR does not currently include the source documents, if any, on which those evaluations were based. The summary nature of the table suggests that, in compiling it, the DOE may have considered evidence which it failed to include in the record. See Emerald Coast Finest Produce Co., Inc. v. United States, 75 Fed. Cl. 549, 553 (Fed. Cl. 2007) (citing Esch v. Yeutter, 876 F.2d 976, 991 (D.C. Cir. 1989)).

Accordingly, the court **GRANTS** the plaintiff's motion to supplement the record to include the source documents or other evidence relied upon, if any, in evaluating the "Cost and Schedule" and "Acquisition Objectives/Small Business Interests" criteria. See AR14-15. If no additional materials exist, the government shall submit an affidavit from Source Selection Official Mark W. Frei, who the government represents prepared the documents at AR1-15, describing the bases for his conclusions set forth in the table with regard to those two criteria. In addition, the government shall determine whether the March 29, 2005 Special Report by Inspector General Friedman was considered by Mr. Frei, and if so, that document shall be added to the AR. See Pl.'s Mot. to Supp. AR, Ex. 3. Finally, the government shall supplement the record to include those portions of the solicitation describing what rights, if any, the government may have reserved to itself with regard to cancellation and/or availability of appropriations.

The government shall submit the materials described above on or before **May 19, 2008**. The plaintiff shall file any response to the government's motion to dismiss and for judgment upon the administrative record on or before **June 18, 2008**.

In all other respects, the plaintiff's motion to supplement the AR is **DENIED**.

**IT IS SO ORDERED.**

s/Nancy B. Firestone
NANCY B. FIRESTONE
Judge